{¶ 1} I concur in the disposition of appellant's assignment of error based solely upon the definition of "you" for UM/UIM coverage. Such definition expressly excludes members of the union.
 {¶ 2} However, I disagree with the second reason proffered by Judge Farmer in support of its decision. I find the "you" in No. 1 of the definition of an "insured" includes the union and is ambiguous underScott-Pontzer rationale. The inclusion of other natural persons as insureds in other independent nos. of the definition of an "insured" does not eliminate the ambiguity in No. 1.
 {¶ 3} Definition No. 1 is ambiguous because it purports to insure the union but then qualifies that coverage by providing the insurance is only for purposes of selecting UM/UIM limits or rejecting UM/UIM coverage. This limited purpose "insurance" is a misnomer. The purported effect of the limited purpose is the union has no UM/UIM coverage. The limitation is facially inconsistent with the first sentence in No. 1 which states the union is an insured, without qualification. I find the inconsistency creates an ambiguity and, resolving said ambiguity in favor of the insured, the union is an insured for UM/UIM purposes. As an insured, the union suffers the same ambiguous "you" found inScott-Pontzer. However, because of the unambiguous exclusion of union members in the definition of "you" as noted supra, I concur in the decision to reverse the trial court's judgment.